J-S37033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| P.J.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H.C.N. | : | |
| | : | No. 482 EDA 2018 |

Appeal from the Order Entered January 5, 2018
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2007-FC-0427

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

CONCURRING STATEMENT BY OLSON, J.:      **FILED SEPTEMBER 05, 2018**

I respectfully concur in the result reached by my learned colleagues. In particular, I believe that the notice of appeal P.J.A. ("Father") filed from the December 5, 2017 custody order did not divest the trial court of jurisdiction to consider Father's relocation petition. This is because the "particular item[s], claim[s] or assessment[s] adjudged in the matter" on appeal (*i.e.*, the trial court's custody ruling and issues relating to Dr. Ronald J. Esteve's testimony during the custody hearing) were not the same "item[s], claim[s] or assessment[s]" that the trial court was scheduled to hear and rule upon at the scheduled, January 3, 2018 trial (*i.e.*, whether the trial court should grant or deny Father's request to relocate). *See* Pa.R.A.P. 1701(c) ("Where only a particular item, claim or assessment adjudged in the matter is involved in an

_____

* Former Justice specially assigned to the Superior Court.

appeal . . . the appeal . . . proceeding shall operate to prevent the trial court . . . from proceeding further with only such item, claim or assessment").

Therefore, since Father did not appear for the scheduled, January 3, 2018 trial on his relocation petition, the trial court properly denied Father's petition.

Judge McLaughlin joins the concurring statement.